PER CURIAM:
**241 In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension for six months, retroactive to respondent's **242 interim suspension.[1] We accept the Agreement and suspend respondent from the practice of law in this state for six months, retroactive to respondent's interim suspension. The facts, as set forth in the Agreement, are as follows.
Facts
Respondent failed to file state income tax returns and pay state taxes for the years 2012 and 2013. In 2016, respondent pled guilty to two counts of failing to file income tax returns and failing to pay state income taxes. Respondent was sentenced to one year, suspended to two years' probation, which was reduced to six months' probation based upon respondent having made full restitution. Respondent has completed his probation.
Respondent received a fee and deposited it into his operating account. Respondent treated the money as an advance fee pursuant to a written fee agreement with his client. Respondent acknowledges his written fee agreement neither informed the client of their right to terminate the lawyer-client relationship and discharge respondent nor informed the client they may be entitled to a refund of all or a portion of the fee if the agreed-upon legal services were not provided.
Finally, respondent acknowledges he failed to adequately maintain his financial records as required by the financial recordkeeping requirements of Rule 417, SCACR.
Law
Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct contained in Rule 407, SCACR: Rule 1.5(f)(4), (5) (a lawyer may charge an advance fee and treat the fee as immediately earned if the lawyer and client agree in advance in a written fee agreement that notifies the client he or she has the right to terminate the lawyer-client relationship and discharge the lawyer, and notifies the client he or she may be entitled to a refund of all or a portion of the fee if the agreed-upon legal **243 services are not provided); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other aspects); Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude); and Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent further admits violating Rule 417, SCACR (financial recorded keeping). *691 Finally, respondent admits the allegations contained in the Agreement constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR ("It shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers ....").
Conclusion
We find respondent's misconduct warrants a definite suspension from the practice of law in this state for six months retroactive to January 8, 2016, the date of respondent's interim suspension. Accordingly, we accept the Agreement and suspend respondent for a period of six months, retroactive to his earlier interim suspension. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Additionally, prior to seeking reinstatement, respondent must demonstrate his compliance with Rule 32, RLDE, Rule 413, SCACR, including completion of Legal Ethics and Practice Program Ethics School within the preceding year.
DEFINITE SUSPENSION.
BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.

Respondent was placed on interim suspension by the Court on January 8, 2016. In re Newman , 415 S.C. 239, 781 S.E.2d 355 (2016).